(45 Misc. Rep. 138.)

### McGOWAN v. HOVER et al.

(Supreme Court, Trial Term, Washington County.   October, 1904.)

1. BILLS AND NOTES—ACTION BY INDORSER—PROTEST.
    On payment of a note by the indorser on the failure of the maker so to do, the indorser can recover the amount from the maker, though the note was not protested.

Action by Thomas McGowan against David R. Hover and Emma F. Hover.   Demurrer to complaint overruled.

Charles I. Webster, for plaintiff.
Westfall & Hill, for defendants.

SPENCER, J.   The complaint alleges that the plaintiff was an accommodation indorser upon the defendants' note for the sum of $500; that when the note became due the defendants refused to pay, and that "plaintiff was compelled to pay the owner and holder of said note the sum of $300, at which sum plaintiff's liability on said note was settled by compromise, no part of which has been paid to plaintiff by defendants."   The defendants rest their demurrer upon the ground that the complaint fails to allege that the plaintiff became liable upon the note by reason of the same having been duly protested; that it must be assumed that it was not protested; and that, therefore, plaintiff was not liable upon the note, and his payment of money thereon was voluntary, and may not be recovered.   The diligence of counsel has failed to cite any decision in this state directly in point, but I am of the opinion that the indorser is at liberty to pay the note upon default of the maker, whether protested or not.   Eaton & Gilbert, Com. Paper, c. 9.   I am

¶ 1. See Bills and Notes, vol. 7, Cent. Dig. § 608.

also of the opinion that, in order to recover against the maker for such payment, the indorser need not allege protest.   Protest is required for the benefit and protection of the indorser, and, whether performed or not, does not in any way affect the liability of the maker; and hence he may not be heard to allege failure of protest when the indorser, who has paid, brings action against him to recover for such payment. "Money paid by an indorser to an indorsee is not for the benefit of the maker, but rather to protect the indorser's contract with the indorsee; and it operates as a purchase, and not as a payment, so far as concerns the maker, and cannot be taken advantage of by him."   7 Cyc. 1021, and cases there cited.

The demurrer is therefore overruled, with costs, with leave to the defendants to plead over upon payment of costs.

Ordered accordingly.